■ SAMAAD BISHOP, Appellant, v HENRY MODELL & COMPANY, INC., et al., Respondents, et al., Defendants. [5 NYS3d 401]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 23, 2012, which, insofar as appealed from as limited by the briefs, granted the motion of defendants-respondents (Modell's) to dismiss the claims of fraud and negligent misrepresentation as against them, unanimously affirmed, without costs.

The record shows that after purchasing a pair of sneakers, plaintiff was asked to show the receipt before exiting Modell's. Store security advised him that it was store policy to check customers' receipts and he would not be permitted to leave without complying. Plaintiff refused and contacted the police. The police arrived and instructed plaintiff to produce the receipt and when he did, he was permitted to leave the store.

Plaintiff commenced this action and asserted causes of action for, inter alia, fraud and negligent misrepresentation. He alleged that Modell's knowingly made a materially false statement that it was store policy for customers to show their receipts before departing the store. Plaintiff stated that Modell's personnel made the statement to induce him to rely upon it and surrender his rights not to present the receipt.

Under the circumstances presented, plaintiff does not have a viable claim for fraud because he refused to show his receipt to store employees, offering it only to the police when they arrived and directed him to produce it. Thus, a necessary element of a claim of fraud, namely, justifiable reliance upon a false statement, has been negated (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). The negligent misrepresentation claim fails because plaintiff did not plead any special duty owed by Modell's to him, a necessary element of a claim for negligent misrepresentation (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.